**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ITEX DEVELOPMENT, LLC**

        **Plaintiff,**

**v.**                          **Case No.: 4:22-cv-109-DPM**

**LITTLE ROCK HOUSING AUTHORITY
D/B/A METROPOLITAN HOUSING ALLIANCE**

        **Defendant.**

## <u>ORDER</u>

### I.    Background

On February 7, 2022, Plaintiff ITEX Development, LLC ("ITEX") initiated this breach of contract action against Defendant Metropolitan Housing Alliance ("MHA"). *Doc. 1*. On February 13, 2023, counsel for ITEX served MHA's counsel, Mr. Sylvester Smith ("Mr. Smith"), with Interrogatories, Requests for Production of Documents, and Requests for Admission.[1] Rather than providing ITEX with all of the requested discovery, as required by Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Mr. Smith provided ITEX with a document dump of largely irrelevant information and

---

[1]    Mr. Smith's response to this written discovery was due on *March 15, 2023*. After not receiving *timely* responses to any of this discovery, ITEX's counsel, Ms. Audra Hamilton ("Ms. Hamilton") sent Mr. Smith numerous emails requesting that he provide the requested discovery. It was only after Ms. Hamilton warned Mr. Smith that she intended to seek the assistance of the Court that he finally provided responses to this discovery on *July 13, 2023*. *Doc. 16 at 1*.

woefully inadequate answers to interrogatories and requests for production of

documents.[2]

On October 26, 2023, United States District Judge D. P. Marshall Jr. referred the

parties' discovery dispute to U. S. Magistrate Judge Beth Deere for resolution.

On November 7, 2023, Judge Deere held a hearing and promptly entered an Order

which began by noting that Mr. Smith had assured the Court he would "cooperate fully"

---

[2]   In Exhibit 3 to Plaintiff's Counsel's Supplemental and Joint Request of Discovery
Dispute, filed on October 20, 2023, Ms. Hamilton describes in detail the many manifest
deficiencies in Mr. Smith's responses to ITEX's requests for production of documents,
interrogatories, and requests for admission. *Doc. 16 at 1-4.*

Mr. Smith's Statement responding to those deficiencies did *not* attempt to defend any of
the serious problems with his answers to ITEX's interrogatories and requests for
admission. However, as to his largely non-responsive production of electronically stored
documents, Mr. Smith recited a series of excuses that seem contrived to the point of
being fanciful. These excuses include the following: (1) The MHA "board members . . .
do not have the most dynamic computer skills;" (2) "in February of 2022 someone broke
into Defendant's office and disconnected wires and damaged servers [which caused] . . .
lost data due to the event;" (3) "in July of 2022 two servers were damaged during a
thunderstorm [which caused] an electrical surge. . . and data was lost;" (4) MHA 'has
dealt with significant staff turnover"; and (5) MHA "believes that some of its documents
were lost, destroyed, or taken by former staff." *Id.* at 4-5.

Finally, Mr. Smith's Statement proudly noted that he has provided ITEX with a USB
drive containing "over 30,000 pages of documents *in an effort to be fully transparent.*"
*Id.* at 5 (emphasis added). In doing so, however, he failed to mention that: (1) almost all
of the more than 37,000 pages of documents were *completely irrelevant* to any of the
claims related to this lawsuit; and (2) when Mr. Smith gave Ms. Hamilton the USB drive
containing these 37,000 plus pages of documents, they were *not*: (1) produced as MHA
kept and maintained them "in the usual course of business; *or* (2) "organize[d] and
label[ed] to correspond to the categories [of documents] in the request [for production]".
*See* Rule 34(b)(E)(i) and (ii). In the vernacular of trial lawyers, the USB drive Mr. Smith
gave Ms. Hamilton was a "document dump," a flagrant violation of the plain language in
Rule 34(b)(2)(E)(i) and (ii), which constitutes well-recognized grounds for seeking
sanctions under Rule 37. Given these undisputed facts, it is *at best disingenuous* for Mr.
Smith to claim his production of the USB drive was "an effort to be fully transparent."

to resolve the outstanding discovery issues. Judge Deere ordered Mr. Smith to "supplement [MHA's] discovery responses no later than December 1, 2023, by reviewing the 37,000 plus pages it produced to Plaintiff and winnowing non-responsive documents." The Court also ordered MHA to "permit Plaintiff to inspect and copy its relevant files, both paper and electronic, upon reasonable notice." *Doc. 19 at 1-2.[3]* Judge Deere concluded her Order with the following admonition to Mr. Smith: "*Defendant is cautioned that failure to clean up discovery responses, as ordered, may lead to sanctions.*"

On December 15, 2023, Judge Deere conducted a second hearing "on the status of and compliance with this Court's November 7 Order." On December 12, 2023, her courtroom deputy emailed Mr. Smith and requested that he "have a client representative of MHA present at the December 15 hearing." A copy of this email, marked as Exhibit 1, is attached to this Order. For unknown reasons, Mr. Smith did *not* bring the requested MHA commissioner to this hearing. During the hearing, "Mr. Smith conceded that Defendant had not complied with the November 7 Order," and Judge Deere specifically noted that "Defendant has not provided any discovery responses to Plaintiff since the November 7 hearing." This Order makes it clear that, despite his earlier assurance to "fully cooperate" in resolving the discovery dispute, Mr. Smith had *done nothing* to

---

[3]   During the hearing, Mr. Smith did *not* contest Ms. Hamilton's position that: (1) almost all of the documents on the USB drive were nonresponsive to any of ITEX's claims in this case; or (2) Mr. Smith's production of those documents did not comply with either of the requirements in Rule 34(b)(2)(E).

provide ITEX with the ordered supplemental production of relevant and responsive documents.

During the December 15 hearing, ITEX counsel raised an important threshold issue concerning whether Mr. Smith had a conflict of interest that required him to withdraw as counsel for MHA. This conflict of interest arose in mid-September when Mr. Smith agreed to represent Leta Anthony and Lee Lindsey, two MHA commissioners who had been notified by Little Rock Mayor Frank Scott that if they did not resign, he intended to ask the City of Little Rock's Board of Directors ("City Board") to remove them as commissioners. After they both refused to resign, the City Board took up the issue at its September 26 board meeting.[4] After hearing evidence presented by City Attorney Tom Carpenter and rebuttal statements from Ms. Anthony and Mr. Lindsey, the City Directors voted 6-2 to remove Ms. Anthony and Mr. Lindsey for "inefficiency or neglect of duty or misconduct in office." *See* Ark. Code Ann. § 14-169-210 (West 2020).

On October 13, 2023, Mr. Smith, representing Ms. Anthony and Mr. Lindsey *in their official capacities"* sued the City of Little Rock and Mayor Frank Scott in Pulaski County Circuit Court. *See Leta Anthony, In Her Official Capacity As Housing Commissioner and Lee Lindsey, In His Official Capacity As Housing Commissioner v. City of Little Rock and Mayor Frank Scott, Jr.,* Case No. 60CV-23-7823. In the Complaint, Mr. Smith alleged Defendants had improperly removed Ms. Anthony and Mr.

---

[4]     Mr. Smith represented Ms. Anthony and Mr. Lindsey during this hearing and argued they should not be removed as commissioners.

Lindsey as commissioners, in violation of their due process rights, which had *caused harm to their reputations*.

Because Mr. Smith made it clear in the Complaint that he was representing Ms. Anthony and Mr. Lindsey in their "*official capacities*" as the Chair and Vice-Chair of MHA, he was bringing this suit *on behalf of MHA*. Previously, in August of 2023, MHA Commissioners Louis Jackson and Branndii Peterson had both resigned, leaving only Kerry Wright, Leta Anthony, and Lee Lindsey as commissioners. After Ms. Anthony's and Mr. Lindsey's removal from their positions by the City Board on September 26, Kerry Wright was left as *MHA's only commissioner*.[5]

When Mr. Smith agreed to represent former Chair Lindsey and former Vice-Chair Anthony in seeking reinstatement as MHA commissioners, *their individual interests and the interest of MHA were in direct conflict*. While Mr. Lindsey and Ms. Anthony believed it was in their best individual interest to remain as MHA commissioners, it most certainly was *not* in the best interest of MHA to have them reinstated.[6]  This created a serious

---

[5]    During its October 24, 2023 board meeting, the City Board appointed Karen Buchanan and Bruce James to fill two of the four vacant positions on the Commission. Those new commissioners, along with Kerry Wright, now have the required quorum to meet and make decisions on behalf of MHA. The two other positions on the MHA Commission have not yet been filled by the City Board.

[6]    At the time of their involuntary removal as MHA commissioners on September 26, 2023, Ms. Anthony was Vice Chair of MHA and Mr. Lindsey was Chair of MHA. Ms. Anthony was also the President of Central Arkansas Housing Corporation ("CAHC"), a 501(c)(3) non-profit corporation created and controlled by MHA, and, both Ms. Anthony and Mr. Lindsey were on the board of directors of CAHC. This meant Ms. Anthony and Mr. Lindsey were "interlocking directors" of a public entity (MHA) *and* a non-profit corporation (CAHC) created by MHA. Millions of dollars of federal funds provided by the United States Department of Housing and Urban Development ("HUD") flowed into MHA each year and MHA, in turn, distributed some of those funds to CAHC.

conflict of interest for Mr. Smith, who was simultaneously representing the *individual interests* of Ms. Anthony and Mr. Lindsey, and the *much different public intent* of MHA in serving the over 8,000 low-income Little Rock residents who live in federally subsidized housing.

Apparently when Mr. Smith filed the October 13 state court action, he did not recognize this direct conflict of interest. However, by late December or early January, Mr. Smith clearly appears to have recognized this serious conflict of interest, because on January 5, 2024 he filed a Motion to Withdraw as counsel for Metropolitan Housing Association, Leta Anthony, and Lee Lindsey *in the state court action*. A copy of that motion, marked Exhibit 2, is attached to this Order. Mr. Rickey Hicks then assumed representation of Ms. Anthony and Mr. Lindsey in the state court action.

---

Sometime in late 2022 or early 2023, the Inspector General of HUD began an investigation of possible misconduct and accounting irregularities by and among MHA and CAHC. In August or September of 2023, the Inspector General issued a troubling report documenting over $8,000,000 in potentially disallowed fund transfers from MHA to CAHC and hundreds of thousands of dollars of MHA expenditures that passed through CAHC and became "untraceable" or appeared to have been used for purchases or direct money transfers to "accounts unknown." On January 11, 2024, FBI agents conducted a consensual search of the office of the CAHC. It appears most, if not all, of the documents in the office were removed by the FBI, along with the laptop computer used by CAHC's former finance director, Regina Pierce. This laptop may contain crucially important QuikBook accounting records ITEX needs to prove its damages. These ongoing civil and criminal investigations, both of which were focused on financial irregularities at MHA and CAHC, created obvious and compelling reasons for MHA to support, *not oppose*, the City Board's decision to remove Mr. Lindsey and Ms. Anthony as MHA commissioners.

Because *these same conflicts* apparently required Mr. Smith to withdraw from representing MHA *in this action*, one would think he also would have filed a Motion to Withdraw in *this case.* However, at least so far, he has not done so.

On December 20, 2023, Judge Deere entered an Order requiring MHA to:

(1) "[F]ile a report by noon on December 22, 2023, stating whether Mr. Smith is still counsel of record for MHA in this case. The report must be signed by hand by a majority of the board of directors of MHA;"

(2) "Regardless of who is representing MHA in this case from December 22, 2023 forward, MHA must designate in its December 22 report the MHA representative or representatives who will be responsible for complying with this Court's November 7, 2023 Order and other discovery obligations."

*Doc. 24.* To date, MHA's *three commissioners have not complied with either of these direct orders from Judge Deere.*

On January 4, 2024, Judge Deere scheduled another discovery hearing for January 17, 2024, to find out *why* Mr. Smith and MHA had ignored her December 20 Order and failed to provide any of the required information by the December 22 deadline.

The January 17 hearing was later postponed due to weather. On January 18, 2024, Judge Deere entered an Order recusing from the case. *Doc. 31.* Later that day, Judge Marshall entered an Order referring all discovery disputes in this case to me. *Doc. 32.*

## II.   Discovery Status Hearing Scheduled for Noon on Monday, January 29, 2024

At 10:44 a.m. on January 18, 2024, my courtroom deputy emailed Ms. Hamilton and Mr. Smith to let them know I was rescheduling the January 17 hearing for "January 22, 23, 24, 25 or 26." She asked them to advise her of which of those five days worked best for them. A copy of this email, marked Exhibit 3, is attached to this Order. Two

minutes later, at 10:46 a.m., Ms. Hamilton sent the Court an email stating that she could be "available on any of those dates between 1:00 p.m. and 3:00 p.m. *To date, I have heard nothing from Mr. Smith.*

Because Mr. Smith has not provided a timely response to the January 18 email, I see no reason to concern myself further with trying to set this hearing on a date that is "convenient" to him. Mr. Smith is hereby ordered to appear in Courtroom 1C at noon on Monday, January 29, 2024, for a discovery status hearing. The three current MHA commissioners, Mr. Kerry Wright, Ms. Karen Buchanan, and Mr. Bruce James, must also attend this hearing.

In Judge Deere's November 7, 2023 Order (*Doc. 19)*, she cautioned MHA and Mr. Smith that "failure to clean up discovery responses, as ordered, may lead to sanctions." Since Judge Deere entered that Order, Mr. Smith has not complied with either that Order *or* Judge Deere's December 20, 2023 Order (*Doc. 24)*. I am now warning Mr. Smith that if he fails to appear for the hearing at noon on Monday, January 29, 2024, I will enter an Order to show cause why he should not be held in contempt.

Finally, I am ordering Mr. Smith to email a copy of this Order, along with Judge Deere's November 7 and December 20 Orders, to Commissioners Kerry Wright, Karen Buchanan, and Bruce James. My chambers will follow up by email to those three commissioners to confirm that they have, in fact, received copies of those Orders. Mr. Smith must then meet with Commissioners Wright, Buchanan and James and answer any of their questions about those Orders.

**Given the way Mr. Smith has conducted himself in this case, I have serious concerns about whether he has kept these three commissioners informed about: (a) the serious ongoing discovery dispute in this case; (b) Judge Deere's earlier Orders cautioning the commissioners that they may be subject to Rule 37 sanctions for their failure to cooperate in discovery; and (c) the December 20 Order that required them to provide the Court with the information described therein.**

The agenda for the January 29 hearing will include:

(1) A report by Mr. Smith and the MHA commissioners explaining why they have not complied with Judge Deere's November 7 *and* December 20 Orders. The Commissioners also must specifically explain why they have *not*:

"(a) notifi[ed] the Court if Mr. Smith intends to withdraw as the attorney for MHA and, if he intends to continue as counsel, a report signed by two of the three current commissioners of MHA reflecting their vote in favor of allowing Mr. Smith to continue with his representation of MHA; and (b) advis[ed] the Court in writing of the MHA Commissioner or Commissioners who will be responsible for complying with the Court's November 7, 2023 Order and MHA's discovery obligations."

(2) A report by Ms. Hamilton on: (a) the current status of MHA's responses to ITEX's outstanding written discovery; (b) the witnesses ITEX intends to depose and the earliest available dates she would like to begin those depositions; (c) whether ITEX intends to move for sanctions against Mr. Smith and MHA for their misconduct and delay in responding to ITEX's written discovery; (d) in the event Mr. Smith does not withdraw as counsel for MHA, whether ITEX intends to file a motion to disqualify him from representing MHA based on his conflict of interest;

and (e) the anticipated impact of the FBI's ongoing criminal investigation on ITEX's ability to conduct any further meaningful discovery in this case.

IT IS SO ORDERED this 24th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

**Suzy Flippen**

| | |
|---|---|
| **From:** | Suzy Flippen |
| **Sent:** | Tuesday, December 12, 2023 2:44 PM |
| **To:** | Amy Tedrow; Audra Hamilton; Smith Sylvester; Cayla Murphy; Devin Bates; John Baker; Susie Luce |
| **Subject:** | RE: 4:22-cv-00109-DPM ITEX Development LLC v. Little Rock Housing Authority |

Notice of the discovery hearing by telephone before Judge Deere will be issued for December 15 at 1:30 PM. Mr. Smith must have a client representative's participation in the hearing.

Thank you,
Suzy Flippen
Docket Clerk/Relief Courtroom Deputy
(501)604-5234

**From:** Amy Tedrow <atedrow@thefirmpllc.net>
**Sent:** Tuesday, December 12, 2023 2:05 PM
**To:** Suzy Flippen <Suzy_Flippen@ared.uscourts.gov>; Audra Hamilton <AHamilton@mwlaw.com>; Smith Sylvester <ssmith@thefirmpllc.net>; Cayla Murphy <CMurphy@mwlaw.com>; Devin Bates <dbates@mwlaw.com>; John Baker <jbaker@mwlaw.com>; Susie Luce <SLuce@mwlaw.com>
**Subject:** RE: 4:22-cv-00109-DPM ITEX Development LLC v. Little Rock Housing Authority

**CAUTION - EXTERNAL:**

Good afternoon all,

Mr. Smith is available on the afternoon of the 15th.

Amy Tedrow
Assistant to S.L. Smith and Kesha Zaffino
4137 John F. Kennedy Blvd., Ste. D
North Little Rock, AR, 72116
(501) 429-4885
(501) 429-4886 *(facsimile)*

On 12/12/2023 10:21 AM CST Suzy Flippen <suzy_flippen@ared.uscourts.gov> wrote:

Mr. Smith, also, Judge Deere requests that you have a client representative on the conference call/telephone hearing. I look

1   Exhibit 1

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Jan-05 11:18:21
60CV-23-7823
C06D12 : 3 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

METROPOLITAN HOUSING ALLIANCE
LETA ANTHONY, and LEE LINDSEY                                **PLAINTIFFS**

VS.                              **CASE NO. 60CV-23-7823**

CITY OF LITTLE ROCK, ARKANSAS;                              **DEFENDANTS**
FRANK SCOTT, JR. IN HIS OFFICIAL CAPACITY AS
MAYOR OF THE CITY OF LITTLE ROCK

LETA ANTHONY, LEE LINDSEY
KENYON LOWE, AND CENTRAL ARKANSAS
HOUSING CORPORATION                                        **INTERVENOR**

## MOTION FOR WITHDRAWAL OF COUNSEL

Comes now, Sylvester Smith, Attorney at Law, and for his *Motion for Withdrawal of*

*Counsel* does state and represent unto the Court that:

1. Sylvester Smith ("Counsel") has a long-standing contract to provide legal services to

the Metropolitan Housing Alliance ("MHA").

2. Counsel, as has been customary for MHA's attorney, has also provided legal services

to the Central Arkansas Housing Corporation ("CAHC"). The CAHC is a related organization to

MHA.

3. Counsel was directed to file the instant action by the MHA at their duly held

meeting in September of 2023. Since that meeting the City of Little Rock has removed

Leta Anthony and Lee Lindsey from the MHA Board of Directors and made two replacement

appointments.

4. As has been argued before this Court the new MHA Board does not conform to

Federal law because it lacks a resident member. The City of Little Rock has sought a waiver of

---

MOTION TO WITHDRAW

Page 1 of 3



the resident member requirement form HUD. However, Counsel is concerned about the legal
effectiveness of a waiver received after the board has been appointed in violation of Federal law,

and what impact this may have on the legality of the actions of the current MHA Board.

5.      The current MHA Board has voted to direct Counsel to dismiss MHA as a Party

to this action. That direction is in conflict with previous direction received by Counsel by the

previous Board.

6.      Furthermore, Counsel has a clear conflict due to the fact that both MHA and

CAHC are current clients who have adverse interests in this litigation.

7.      The Arkansas Rules of Professional Conduct require an attorney to withdraw

from a matter when there is a conflict between his clients. See, Rule 1.7. While there are certain

exceptions to Rule 1.7, none of them apply to these circumstances.

8.      It has become unfeasible and unethical for Counsel to continue to participate in

this litigation.

9.      For the reasons above  Counsel hereby moves that he be permitted to withdraw as

a counsel of record in this matter.

10.  Counsel stands ready to tender all paperwork to its clients or replacement counsel.

11.  There are no unearned fees due to Plaintiffs.

WHEREFORE, Sylvester Smith, Attorney at Law, prays the Court grant his *Motion for*

*Withdrawal of Counsel*.

Respectfully Submitted,

/s/ Sylvester L. Smith
The Firm, PLLC
4137 John F. Kennedy Blvd., Ste. D
North Little Rock, AR, 72116
(501) 429-4885
ssmith@thefirmpllc.net

## **CERTIFICATE OF SERVICE**

I, the undersigned, do by oath affirm that a true and correct copy of the foregoing *Motion for Withdrawal of Counsel* has been electronically delivered via the Court's ECF/E-File System this January 5, 2024 addressed to all attorneys of record.

/s/ Sylvester L. Smith

**Suzy Flippen**

| | |
|---|---|
| **From:** | Audra Hamilton <AHamilton@mwlaw.com> |
| **Sent:** | Thursday, January 18, 2024 10:46 AM |
| **To:** | Suzy Flippen; atedrow@thefirmpllc.net; Cayla Murphy; Devin Bates; John Baker; Susie Luce; ssmith@thefirmpllc.net |
| **Subject:** | RE: 4:22-cv-00109-DPM ITEX Development LLC v. Little Rock Housing Authority |

**CAUTION - EXTERNAL:**

Good morning, Ms. Flippen. I can be available on any of those dates between 1 and 3 on behalf of ITEX Development.

Thank you,

Audra



**Audra Hamilton** | Attorney at Law
**T** 501.688.8801 | **F** 501.918.7801
ahamilton@mwlaw.com | MitchellWilliamsLaw.com
425 W. Capitol Ave. | Ste. 1800 | Little Rock, AR 72201
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.

**From:** Suzy Flippen <Suzy_Flippen@ared.uscourts.gov>
**Sent:** Thursday, January 18, 2024 10:44 AM
**To:** Audra Hamilton <AHamilton@mwlaw.com>; atedrow@thefirmpllc.net; Cayla Murphy <CMurphy@mwlaw.com>; Devin Bates <dbates@mwlaw.com>; John Baker <jbaker@mwlaw.com>; Susie Luce <SLuce@mwlaw.com>; ssmith@thefirmpllc.net
**Subject:** 4:22-cv-00109-DPM ITEX Development LLC v. Little Rock Housing Authority

Good morning, please let me know availability so that we can reset the discovery hearing. Hopefully we can get this rescheduled for January 22, 23 (between 1 pm and 3 pm) 24, 25 or 26. I look forward to hearing from you soon.

Thank you,

Exhibit 3

Suzy Flippen